**LEFAGA BEAVER, Plaintiff**

**v.**

**WILLIAM CRAVENS, SCOTT BARRETT, SOUTH PACIFIC TRADERS, INC., DOES I-XX, Defendants**

High Court of American Samoa
Trial Division

CA No. 72-90

October 19, 1990

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
           For Defendants, John L. Ward II

On Motion to Dismiss:

Plaintiff has filed suit alleging a breach of a family trust by the defendant trustees. The trust was settled by plaintiff and her late husband. The defendants move to dismiss plaintiff's complaint, without prejudice, for failure to state a claim for which relief may be granted, and/or alternatively direct the parties to proceed with defendants' petition filed in "Probate Court" which has been docketed as *In Re Beaver Family Trust*, PR NO. 19-90.

That aspect of the motion based on Trial Court Rules of Civil Procedure, Rule 12(b)(6), rests on the argument that plaintiff is essentially bringing a shareholder's derivative action and that her complaint has failed to comply with the special pleading requirements of Trial Court Rules of Civil Procedure, Rule 23.1.

Alternatively, dismissal is sought on the contention that plaintiff is estopped from filing an action, as she has done so here, because of a provision in the trust instrument which provides for the referral of any dispute regarding interpretation of the trust to the "Probate Court for instructions." Further, the defendants urge that it would be more economical and expedient to submit the singular issue --- whether plaintiff has anything more in the trust than a beneficial interest--- to the Probate Court for determination rather than exposing the trust to a far-ranging trial necessarily proposed by plaintiff's lawsuit. In other words, the defendants suggests that plaintiff's lawsuit should be suspended on a wait-and-see basis pending the Court's prior determination of defendants' "Petition [to the Probate Court] for Advice and Instructions." The thinking appears to be that the Probate Court's determination of the above-stated issue would also be dispositive of any and all remaining disputes between the parties.

7

*Discussion*

In determining a motion to dismiss for failure to state a claim, the complaint is to be liberally construed and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). At this stage with the pleadings, we cannot agree with the defendants' characterization of plaintiff's suit as being a shareholder's derivative action. The causes alleged in the complaint are hardly derivative but personal, and Trial Court Rules of Civil Procedure Rule 23.1 applies only where the action is a derivative action by a shareholder suing on behalf of the legal entity which is a corporation. 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.1.16 (2nd ed. 1985). The rule is not applicable to the situation where plaintiff is asserting a private injury for which personal redress is being sought. *See Simcox v. San Juan Shipyard, Inc.*, 754 F.2d 430 (1st Cir. 1985). Plaintiff is here suing for herself. She is not seeking redress on behalf of the corporation; indeed, she is attempting to seek redress *from* the corporation by way of a claim for shares and insurance proceeds.

As to the alternative grounds for the motion to dismiss, we are not persuaded by the estoppel argument advanced by defendants as somehow establishing a contingent bar to, or an immunity from, suit. As noted above, the bottom line of the motion looks very much like a request to postpone plaintiff's lawsuit until the Court first rules on the defendants' legal theories concerning the parties' differences. This novel and piecemeal approach to sorting out and defining the issues between litigants is without merit or foundation.

For reasons given, the motion is denied. It is so Ordered.